■ MUTTONTOWN PICTURES, INC., Appellant-Respondent, v JOSEPH E. LEVINE et al., Respondents-Appellants.—Order, Supreme Court, New York County, entered February 28, 1975, and judgment of said court, entered thereon on March 4, 1975, unanimously modified, on the law, to the extent of dismissing the first cause of action as against defendant Avco Corporation ("Avco") and reinstating the second and third causes of action as against defendant Avco-Embassy Pictures Corp. ("Embassy"); and otherwise affirmed, without costs or disbursements. Plaintiff, as the producer and owner of a full-length feature motion picture entitled "Rivals", entered into a distributorship agreement with defendant Embassy pursuant to which the latter, *inter alia,* was to "have complete authority to distribute the photo-

play and to license the exhibition thereof and rent prints of the photoplay in accordance with such sales methods, policies and terms as it may, in its uncontrolled discretion (exercised in good faith) determine" (par 5.02); and to "have the sole and exclusive right to advertise, publicize and exploit the photoplay by such means and to such extent as Embassy may deem desirable in its discretion (provided, however, that Embassy shall expend or incur not less than Two Hundred Thousand ($200,000) Dollars for advertising and the preparation thereof * * * and positive prints of the photoplay * * * prior to the expiration of one (1) year from and after the first release of the photoplay". (Par 7.01.) Defendants concede that some $35,000 less than what was required was expended on the film. The second and third causes of action, asserted solely against Embassy, plead breach of the aforesaid contractual provision to spend $200,000 for the picture's promotion; and breach of the "good faith" requirement of paragraph 5.02 and of the implied covenant of fair dealing. Special Term concluded that the exculpatory language of paragraph 5.02 was "so broad as to negate liability under the circumstances of this case." We disagree, since, *inter alia,* such construction totally nullifies Embassy's specific covenant in paragraph 7.01. It is now well established that "The rules of construction of contracts require us to adopt an interpretation which gives meaning to every provision of a contract or, in the negative, no provision of a contract should be left without force or effect." *(Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46.) Accordingly, the breach of contract causes pleaded are viable and should not have been dismissed. The first cause of action sounds in fraud. However, no factual allegations of wrongdoing are asserted against Avco; only that it is the parent of Embassy. Such assertion, alone, is insufficient to foist liability on said company. Concur—Kupferman, J. P., Murphy, Lupiano, Tilzer and Yesawich, JJ.