■ Maurice Musman, Respondent-Appellant, v Modern Deb, Inc., et al., Appellants-Respondents. et al., Defendants.—Judgment, Supreme Court, New York County, entered April 3, 1975, awarding plaintiff damages of $59,187.03 against defendants Modern Deb, Inc., and the First Republic Corporation of America, but dismissing the action against defendants Galapago, Ltd., and Murray Lincoln, Inc., unanimously modified, on the law and the facts, to the extent of also dismissing the action against the First Republic Corporation of America and increasing the damage award against Modern Deb, Inc., to $108,330.50 plus interest, and as so modified, the judgment is affirmed, without costs and disbursements. The relevant circumstances in this action for damages for breach of an employment contract are as follows: plaintiff had been a shareholder and officer of defendant Modern Deb, Inc., when on December 31, 1968, all of the stock of Modern Deb was

exchanged for stock of defendant the First Republic Corporation of America. In connection with the acquisition, Modern Deb entered into an employment agreement dated December 31, 1968 whereby plaintiff was continued as general manager and designer in Modern Deb's apparel business. First Republic is in the real estate business and has interests in seafood and textiles. The agreement provided for a five-year term with an annual salary of $40,000 plus an annual bonus. Should plaintiff be discharged without cause, Modern Deb undertook to pay him full compensation and bonuses to the end of the original five-year term and exonerated plaintiff from any obligation to perform services for Modern Deb (agreement, par 8[b][i]). Different consequences flowed from a termination for cause. The parties agreed to arbitrate any dispute as to whether termination was with or without cause. At the time of the negotiations for the acquisition of Modern Deb and for the employment agreement, First Republic refused plaintiff's request that it guarantee Modern Deb's obligations under the employment agreement. Plaintiff was fired on April 16, 1971 and subsequently an arbitration award was rendered to the effect that the termination was without cause. The award was confirmed by order and judgment dated February 20, 1973. Thereafter, plaintiff commenced the instant action against Modern Deb, its parent and two subsidiaries of its parent, Murray Lincoln, Inc., and Galapago, Ltd., asserting that the employment agreement had been made on behalf of all the corporate defendants. At the conclusion of the plaintiff's case (at a jury trial), the trial court directed a verdict for the defendants Murray Lincoln, Inc., and Galapago, Ltd., dismissing the complaint. At the end of the instant case, the Trial Justice discharged the jury, finding no issues to submit to them. Plaintiff's lost salary was computed at $108,330.50 for the period commencing with his termination through December 31, 1973, the original termination date of the employment agreement. However, the Trial Justice deducted wages earned by plaintiff during the aforesaid period from other employment. Paragraph 8(b)(i) of the agreement—in essence a liquidated damages clause—fixes the exposure of the employer following a discharge without cause and thus serves to remove this case from the ordinary rule requiring the employee to mitigate damages (see *Cornell v T. V. Development Corp.,* 17 NY2d 69, 74). Mitigation of damages not being a factor, the record sustains calculation of the full compensation that plaintiff would have earned through the end of the original term at $108,330.50. However, there is no proof that the plaintiff would have earned bonuses in addition nor the quantum thereof. Further, plaintiff's proof of damages included matters not within the purview of paragraph 8(b)(i), to wit, the use of a car valued at $8,250, medical insurance coverage of $1,600 and the value and cost of a vacation ($8,800) and which, in the aggregate would exceed the *ad damnum* clause of the verified complaint. Finally, the trial court found liability against Modern Deb's parent, First Republic, holding in effect that the apparent distinction between the corporations was illusory and that First Republic actively controlled Modern Deb which became an integral part of the operations of the parent. It is well settled that there must be complete domination and control of a subsidiary before the parent's corporate veil can be pierced. Stock control, interlocking directors and officers, and the like are in and of themselves insufficient. The control must actually be used to commit a wrong against the plaintiff and must be the proximate cause of the plaintiff's loss *(Lowendahl v Baltimore & Ohio R R Co.* 247 App Div 144). Not only were Modern Deb and First Republic in different lines of businesses, they maintained separate bank accounts, officers and books. At all times,

the plaintiff was paid by Modern Deb and no other corporation. The mere fact that his employment agreement required, while employed by Modern Deb, that he perform reasonable responsibilities and duties for Modern Deb's parent and its subsidiaries does not alter his employment relationship and, *ipso facto,* make him an employee of those other corporations. This requirement does not impose liability on those other corporations for the employer's obligations under the employment contract which are clearly restricted to Modern Deb. Thus no special circumstances are shown to warrant disregarding the corporate form and no basis lies for predicating liability against First Republic (see *Weintraub v Vigilant Protective Systems,* 36 AD2d 529). Settle order on notice. Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.