■ In the Matter of ANDREW OVERTON et al., Petitioners, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Determination of respondent housing authority, dated April 7, 1976, is unanimously modified on the law, without costs and without disbursements, to the extent of dismissing charge number four, and the determination of conditional eligibility is vacated and the matter remanded to respondent housing authority for reconsideration of respondent's status in view of the dismissal of charge number four. While the evidence, at least as to petitioners' son Calvin's participation in the burglary which is the subject of charges one and two, is somewhat sketchy, there were statements by Calvin from which the trier of the facts could draw an inference of guilt. Notably, Calvin did not testify. He is the son of petitioners and it is his alleged misconduct and his exclusion about which the whole case revolves. While he is not technically a party, he is at least in privity with petitioners. Certainly he is someone that petitioners could and should have called as a witness. In the circumstances, the trier of the facts was justified in applying "the rule that where an adversary withholds evidence in his possession or control that would be likely to support his version of the case, the strongest inferences may be drawn against him which the opposing evidence in the record permits" *(Noce v Kaufman,* 2 NY2d 347, 353), and in drawing the inference of guilt from the statements in the record, thus further strengthening the finding of guilt and our conclusion that the respondent's determination as to the burglary is supported by substantial evidence as is the finding of guilt on charge number three relating to Calvin's participation in the February robbery. It is true, as petitioners point out, that respondent did not call as witnesses the victims of the crimes or Calvin's alleged accomplices. But these witnesses were neither related to respondent nor controlled by respondent and respondent's failure to call these witnesses is not nearly as significant as petitioners' failure to call Calvin. With respect to the February robbery, however, charge number four is that "Calvin in concert with another" knocked the victim to the ground and kicked him. Within minutes after the robbery, Calvin stated that he did not take part in the beating. This appears to be all

the evidence in the record as to the beating. At the hearing, the hearing officer said that he was dismissing charge number four. Nevertheless his written report sustained that charge. Respondent concedes that this was error. As the authority's determination appears to have been based on the finding of the hearing officer sustaining all four charges, we think respondent should consider the appropriate determination as to status based on the finding sustaining only the three charges, and we remand for that purpose. Petitioners make the contention that before making the determination as to undesirability, respondent had a duty to seek to assist the tenant by securing outside help. Without passing on the question of whether there was such a duty, it appears that respondent did refer petitioners to the Salvation Army's Family Service Bureau and that petitioners simply failed to keep the appointment with that bureau. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.