## (December 21, 1978)

■    MAURICE MUSMAN, Respondent, v MODERN DEB, INC., et al., Appellants, and EUROPEAN AMERICAN BANK, Respondent.—Judgment, Supreme Court, New York County, entered May 11, 1978, confirming the report of the Special Referee and finding in favor of the petitioner against respondent First Republic Corporation of America, compelling the turnover of the proceeds of a certificate of deposit, reversed, on the law and the facts, vacated the turnover order denied, and the petition dismissed, with $75 costs and disbursements of this appeal payable to appellants by petitioner. The facts regarding the underlying action are recited in our previous memorandum decision (Musman v Modern Deb, 50 AD2d 761). Relevant to the present appeal is the fact that the judgment at Trial Term was entered against Modern Deb, Inc., and the First Republic Corporation of America. We modified the judgment to the extent of dismissing the action against First Republic. Prior to the perfection of the appeal in that action, a stipulation was signed providing, inter alia, that a certificate of deposit in the amount of $60,000 would be held in escrow as security to stay enforcement of the judgment. It further provided that if the judgment appealed from was affirmed or the appeal dismissed, the judgment would be paid from the proceeds of the certificate of deposit. A disagreement arose among counsel as to whether the escrow provided was to stay execution against First Republic alone or against both First Republic and Modern Deb. A

direction by Special Term that the resolution of the ambiguities in the stipulation be sent to a Special Referee to hear and report was affirmed by this court (Musman v Modern Deb, 56 AD2d 752). This court also held that the ambiguities must be resolved by evidence dehors the words of the instrument itself (Musman v Modern Deb, supra, p 753). The Special Referee reported to the court, and Special Term confirmed the findings of the Referee. Judgment was awarded in favor of Musman against First Republic directing the turnover of the proceeds of the certificate of deposit to Musman. We would reverse and direct judgment in favor of First Republic. The stipulation in pertinent part provided: "WHEREAS the defendants, feeling aggrieved by the said judgment, have appealed therefrom to the Supreme Court, Appellate Division, First Department, and defendants intend the herein described property as security upon said appeal and for staying enforcement of the judgment pending the appeal; NOW, THEREFORE, we, the undersigned, counsel for plaintiff and defendants do hereby stipulate and agree that for the purpose of staying and enforcement of the judgment pending appeal, a renewable 90 day Certificate of Deposit in the sum of $60,000. issued by the European American Bank and held in escrow by said Bank, shall constitute good and sufficient security. If the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the defendant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it is affirmed, from the proceeds of the above described Certificate of Deposit." The testimony at the hearing before the Referee came from the mouths of the attorneys involved in the litigation of the main action. The attorney for First Republic stated unequivocally that there was never an intent to provide security for the judgment against Modern Deb. Counsel for Musman never stated directly at the hearing that the clients intended to secure the judgment against Modern Deb, nor was any other evidence adduced warranting that conclusion. We note further that the failure to call the young attorney who drafted the stipulation in order to ascertain the intent of the parties cannot be held against First Republic. That attorney was not a party to the conversations embodying the agreement, and his function was merely that of scrivener. Logic would also impel the conclusion that the parties intended not to secure the judgment against Modern Deb. Modern Deb was concededly insolvent and no useful purpose would be served by providing security for it. Furthermore, First Republic's position on the initial appeal to this court was to cast liability on Modern Deb and away from itself. That position, which was accepted by this court on appeal, would of necessity continue to cast Modern Deb in liability and assure affirmance of the judgment against it while relieving First Republic of liability. First Republic could logically, therefore, not intend to post security on behalf of a defendant which it reasoned would remain liable, since the terms of the stipulation would then require it to turn over the escrow posted to Musman. In sum, the conclusion of the Referee was against the weight of the credible evidence adduced at the hearing. Judgment should be entered in favor of the defendants. Concur—Kupferman, Lane and Sullivan, JJ.

Murphy, P. J., and Fein, J., dissent in a memorandum by Fein, J., as follows: Respondents appeal from a judgment granting the petition and directing turnover of the proceeds of a certificate of deposit in the sum of $60,000 held by respondent European American Bank pursuant to a stipulation which had been given to secure a judgment heretofore entered against respondents Modern Deb, Inc. (Modern Deb) and the First Republic Corporation of America (First Republic). The primary issue in this proceeding is

whether the stipulation was intended by the parties to secure the underlying judgment as against both Modern Deb and First Republic or was intended only as security for First Republic. I am in agreement with the Special Referee, confirmed by Special Term, that, under applicable rules of construction, the stipulation here was intended to cover both Modern Deb and First Republic. Accordingly, I would affirm the judgment. The underlying action was brought by plaintiff to recover compensation due under an employment agreement. with Modern Deb. Following trial, judgment was entered awarding damages to plaintiff in the sum of $59,187.03 against both Modern Deb and First Republic. The stipulation, the subject of this proceeding, was entered into pending appeal by both defendants from the original judgment. That appeal resulted in the dismissal of the action as to First Republic and an increase of the damage award against Modern Deb to $108,330.50 (50 AD2d 761). The within special proceeding was thereafter brought pursuant to CPLR 5225 to recover the proceeds of the certificate of deposit, which petitioner claimed were held to secure the judgment against Modern Deb. Appellants moved to dismiss the proceeding, contending that the certificate was only intended to secure the judgment against First Republic and not against Modern Deb, a subsidiary which appellants assert was insolvent throughout. Mr. Justice Gellinoff directed a reference of the factual issues as to the meaning and extent of the stipulation and this court affirmed (56 AD2d 752). Following the hearing, the Special Referee rendered a report concluding that the undertaking was intended to cover both defendants pending the appeal. Special Term confirmed the report, directing that the proceeds of the certificate of deposit be delivered to plaintiff as judgment creditor. The majority, in reversing, concludes that the parties could not have intended the certificate as security for Modern Deb, accepting appellants' claim that Modern Deb, at all pertinent times, was insolvent and that no logical reason or basis could exist for First Republic to secure the judgment against its subsidiary. This, however, is not dispositive in the face of the language intentionally used therein by appellants, who drafted the stipulation, and against whom any ambiguities must be construed. Nor need we consider, in construing the stipulation, speculation as to unproved commercial considerations to suggest the absence of any reason for First Republic to secure the judgment against Modern Deb. The stipulation provides: "WHEREAS the defendants, feeling aggrieved by the said judgment, have appealed therefrom to the Supreme Court, Appellate Division, First Department, and defendants intend the herein described property as security upon said appeal and for staying enforcement of the judgment pending the appeal; NOW, THEREFORE, we, the undersigned, counsel for plaintiff and defendants do hereby stipulate and agree that for the purpose of staying enforcement of the judgment pending appeal, a renewable 90 day Certificate of Deposit in the sum of $60,000. issued by the European American Bank and held in escrow by said Bank, shall constitute good and sufficient security. If the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the defendant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it is affirmed, from the proceeds of the above described Certificate of Deposit." The Special Referee properly took into consideration that the use of "defendants" in the recital in three separate places in the stipulation was indicative that the use of "defendant" in the operative paragraph was inadvertent and that the parties intended that the stipulation refer to both defendants. Had their intention been otherwise, the operative paragraph would have set forth and designated by name the defendant referred to therein. Nor is

there any merit to appellants' suggestion that it was improper for both the Referee and for Special Term to take into consideration the language actually used by the parties in the stipulation. The fact that this court previously directed a hearing to determine the intention of the parties does not limit the court to proof dehors the instrument. Our prior decision found sufficient ambiguities to require an evidentiary hearing. The prime issue for disposition, however, was the interpretation to be placed upon the stipulation, which necessarily required resort to the language used by the parties therein. The purpose of the hearing was to amplify the proof with respect to the ambiguity and to facilitate the court in resolving the issue as to the intention of the parties. Nor did the hearing obviate the necessity of resort to familiar or general principles of construction, which, as applied here, would require that any ambiguities in the agreement be construed against appellants, as the parties for whom and by whom the stipulation was drafted (*Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 348; *Atterbury v Bank of Washington Hgts. of City of N. Y.,* 241 NY 231, 238; 10 NY Jur, Contracts, § 223; 4 Williston, Contracts [3d ed], § 621, pp 760-761). Moreover, although the specific attorney in the law firm of Rosenman, Colin, Freund, Lewis & Cohen, who drafted the stipulation on behalf of defendants, actually appeared and attended the hearing before the Special Referee, he did not testify. He was not called as a witness by appellants. The failure to call him as a witness warranted the Referee and Special Term in drawing against appellants the strongest inferences which the opposing evidence might permit (*Noce v Kaufman,* 2 NY2d 347; *Milio v Railway Motor Trucking Co.,* 257 App Div 640; *Perlman v Shanck,* 192 App Div 179; *Matter of Overton v New York City Housing Auth.,* 54 AD2d 865). Nor is it appropriate, as the majority implies, to excuse the failure to call the attorney merely upon the basis that he was but a young associate in the office. The extent of the attorney's experience is not a relevant consideration. Rather, the issue to be resolved here is the intention of the parties in entering into the stipulation. The attorney who prepared the stipulation could reasonably be expected to be in a position to offer probative evidence. Nor may his function be reduced to a mere ministerial one, as appellants suggest. Furthermore, the proof adduced before the Special Referee sufficiently supports Special Term's disposition as to the intention of the parties. The testimony of petitioner and his attorneys lends support to the conclusion that the undertaking was to cover both defendants and that Mr. Cohen, the attorney with the Rosenman firm who supervised the litigation on their behalf, was aware that petitioner had so construed the stipulation and the certificate of deposit furnished by First Republic thereunder. Petitioner and his attorneys all testified that Cohen requested that petitioner release him from the stipulation. He told them that his job was "on the line", that "he was having quite a bit of problems with his firm over the stipulation; that he indicated he was about to be discharged or released as a result of it and he, in effect, begged Mr. Musman to simply release all his rights under the stipulation." Although Cohen, who at the time of the hearing was no longer with the Rosenman firm, testified that the only conversation between counsel was with respect to First Republic bonding the judgment pending appeal, petitioner's attorney denied this, asserting that Cohen had never stated that the certificate of deposit was only to secure First Republic and was not also intended as security for Modern Deb. The Referee resolved the factual dispute in favor of petitioner. Appellants also point to the absence of any practical or logical reason for First Republic to secure, pending appeal, the judgment entered against Modern Deb, since Modern Deb was insolvent

at the time and any execution on the judgment would be returned unsatisfied. Petitioner, to the contrary, suggests that the insolvency of Modern Deb may have been caused or prompted by over $300,000 in debts owed by the subsidiary to its parent. At any rate, even assuming the subsidiary's insolvent condition, the existence of commercial or other considerations which might have influenced First Republic in securing the judgment against its subsidiary is neither controlling nor dispositive. Rather, what is crucial is the language of the stipulation, which was expressly entered into between "Counsel for Plaintiff" and "Counsel for Defendants". The stipulation recites that "defendants", aggrieved by the judgment, have appealed to this court and that plaintiff and "defendants" stipulate and agree that, in order to stay execution pending appeal, a certificate of deposit would be held in escrow and would constitute good and sufficient security. The stipulation further recites the intention of "defendants" that the certificate serve as security and stay execution pending the appeal. In the face of these clear recitals, the use of "defendant" in the operative paragraph may be viewed as a mere typographical error. This interpretation follows naturally from the more rational construction of the stipulation under which the parties neither contemplated nor anticipated the issue or situation which resulted. What is more likely is that the parties, following service and filing of defendants' notice of appeal, merely agreed in general that defendants, who had both appealed from the judgment, would post the certificate of deposit as security for the judgment pending the appeal. The stipulation does not purport to distinguish between the defendants and on its face is clearly applicable to and was entered into by or on behalf of both. Accordingly, since the present record is sufficient to support the disposition of Special Term, the judgment directing appellants to turn over the proceeds of the certificate of deposit should be affirmed.