ALLIED PROGRAMS CORP., Allied Programs Corp. of New Jersey, Plaintiffs,

v.

PURITAN INSURANCE COMPANY, Puritan Excess and Surplus Insurance Company and General Electric Credit Corp., Defendants.

No. 84 Civ. 2875 (RWS).

United States District Court, S.D. New York.

Sept. 13, 1984.

Zalman & Schnurman, New York City, for plaintiffs; Benjamin Zalman, Evan Sarzin, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendants; Kenneth E. Newman, Daniel J. Thomasch, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs have moved to remand this case to New York State Supreme Court. Simultaneously, defendant General Electric Credit Corp. ("GECC") has moved to dismiss the plaintiffs' action against it. The motion to dismiss is granted, and the motion to remand is denied.

**Background**

This action was commenced in New York State Supreme Court by Allied Programs Corp. of New York, ("Allied N.Y.") and Allied Programs Corp. of New Jersey ("Allied N.J.") against defendants Puritan Insurance Company ("Puritan"), Puritan Excess and Surplus Insurance Co. ("Puritan Excess") and GECC. Allied N.Y. and Allied N.J. seek damages in the amount of thirty million ($30,000,000) dollars and punitive damages of eighty million ($80,000,000) dollars allegedly arising from fraudulent misrepresentation, negligence, wrongful termination, and breach of contract. Allied N.Y. is incorporated under the laws of New York and has its principal place of business in New York. Allied N.J. is incorporated under the laws of New Jersey and has its principal place of business there as well. Both Puritan and Puritan Excess are incorporated in Connecticut and have their principal places of business in Rhode Island.

GECC, the parent corporation of both Puritan and Puritan Excess, is incorporated under the laws of New York and has its principal place of business in Connecticut.

Allied N.Y. and Allied N.J. commenced the action in New York Supreme Court by service of a summons and complaint on Puritan and Puritan Excess on or about March 26, 1984. The complaint also named GECC as a defendant, although GECC was served with neither a summons nor a complaint at that time. On April 24, 1984 Puritan and Puritan Excess filed a petition for removal pursuant to 28 U.S.C. 1441 seeking removal of the case to this court.

Puritan and Puritan Excess asserted that this case satisfied the requisites of original jurisdiction under 28 U.S.C. § 1332(a)(1), since the necessary "complete" diversity requirement was satisfied by all defendants *served* at that time and the amount in controversy exceeded $10,000. GECC was not served until May 4, 1984. The petition for removal claimed that because GECC had not been served with a summons and complaint, necessary under New York law to commence an action against a party, GECC's New York citizenship did not destroy diversity or preclude removal under 28 U.S.C. 1441(b). Further, Puritan and Puritan Excess sought to dismiss the claim against GECC, thereby eliminating Allied N.Y.'s and Allied N.J.'s objections to the alleged failure of diversity jurisdiction of this court.

In seeking dismissal of the action against GECC, GECC asserts that plaintiff's case against GECC alleges nothing more than that GECC is the corporate parent of Puritan and Puritan Excess. Allied N.Y. and Allied N.J. assert, based on "information generally circulating through the insurance community," that although GECC was not a party to any of the contracts whose breach is at the foundation of this case, GECC controlled its subsidiaries' decision-making process to such a degree that the parent-subsidiary distinction should not be respected.

These motions require resolution of two issues: 1) is a resident party named as a defendant in a complaint although not yet served considered in the analysis determining diversity, and, if so, 2) is GECC a proper party in this action. Only if GECC is a proper party and if a resident party named but not served is considered in diversity analysis can the motion to remand be granted.

**Discussion**

28 U.S.C. 1441(b) states that an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought." Judicial interpretation of the statute has indicated that mere failure to serve a resident defendant properly named in the complaint will not permit removal. The court in *Sands v. Geller*, 321 F.Supp. 558 (S.D.N.Y. 1971) stated: "Professor Moore takes the position that failure to serve a resident defendant does not permit the nonresident defendant to remove because 'one cannot ignore the practical reality that simultaneous service upon multiple defendants will not occur.' *1A Moore, Federal Practice*, ¶ 0.168[3.2] at 1174. If a defendant could remove the case the instant he was served but before a resident defendant had been served, there could be unnecessary jurisdictional problems and litigation; and nondiversity cases may be decided in federal courts." *Sands, supra*, at 562. The court in *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir.1981) concluded that, "[d]espite the 'joinder and served' provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." *See also Preseau v. Prudential Insurance Co. of America*, 591 F.2d 74 (9th Cir.1979); 14 *Wright, Miller and Cooper, Federal Practice and Procedure* § 3723 (1976).

■ In this case, the fact that GECC had not been served when the petition for removal was filed, although GECC was served shortly thereafter, should consequently not eliminate GECC as a party to be considered in examining the appropriateness of removal.

■ However, a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties who are not truly related to the cause of action but who happen to be residents of the state where the action is brought. As the court stated in *Quinn v. Post*, 262 F.Supp. 598, 602 (S.D.N.Y.1967) (Weinfeld, J.) "[T]he pleading cannot defeat the non-residents' right to removal if the resident defendants have no real connection with the controversy."

■ A plaintiff's efforts to prevent the removal of a case through such "fraudulent" joinder will fall prey to both the defendant's motion to dismiss the case with respect to that defendant and to subsequent efforts to remove the case. Joinder will be considered fraudulent when it is established "that there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard." *Nosonowitz v. Alleghany Beverage Corp.*, 463 F.Supp. 162, 163 (S.D.N.Y.1978), *quoting Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962). *See also Newman v. Forward Lands, Inc.*, 418 F.Supp. 134, 136 (E.D.Pa., 1976); *American Mutual Services Corp. v. United Liability Ins. Co.*, 293 F.Supp. 1082, 1084 (E.D.N.Y.1968).

The mere allegation by Allied N.Y. and Allied N.J. that GECC controlled the policies of its subsidiaries is insufficient under New York law to pierce the distinct corporate forms of these entities. The plaintiffs fail either to provide any factual support for this allegation or to controvert the affidavits submitted by GECC that GECC was not involved in any of the events related to the breach of contract. In *Musman v. Modern Deb. Inc.*, 50 A.D.2d 761, 377 N.Y. S.2d 17 (1st Dept.1975) the court defined the showing which was necessary before the liabilities of parent and subsidiary cor-

porate entities will be merged: "It is well settled that there must be complete domination and control of a subsidiary before the parent's corporate veil can be pierced. Stock control, interlocking directors and officers, and the like, are in and of themselves insufficient. "[T]he control must actually be used to commit a wrong against the plaintiff and must be the proximate cause of the plaintiff's loss." *Id.* at 20. Further, the court in *Muttontown Pictures, Inc. v. Levine,* 48 A.D.2d 818, 370 N.Y.S.2d 62 2958 (1st Dept.1975), in affirming the dismissal of a breach of contract and fraud claim against a parent corporation, explained that "no factual allegations of wrongdoing are asserted against Avco; only that it is the parent of Embassy. Such assertion, alone, is insufficient to foist liability on said company." *Id.* at 64.

Plaintiff here alleges neither the extent of control required by *Musman* nor the factual foundation for the allegations required by *Muttontown.* Instead, a mere allegation of a corporate parent's involvement in the decision-making process of its subsidiaries is presented as the foundation for shifting liabilities among distinct corporate entities.

The standard defining fraudulent joinder in *Nosonowitz, supra,* is therefore met. There can be no recovery against GECC under the law of New York on the cause alleged, and the case against GECC is therefore dismissed.

This dismissal presents the possibility that Allied N.Y. and Allied N.J. will amend their complaint so that a cause of action against GECC is properly pleaded. In that circumstance, once again, non-diverse parties would be present. However, once a case has been properly removed, subsequent alteration in the parties to the action that revives a failure of diversity will only rarely serve to defeat the federal court's jurisdiction. "[T]he general rule [is that] the plaintiff cannot act so as to divest a court of jurisdiction over a case that has been properly removed." *Shaw v. Munford,* 526 F.Supp. 1209, 1213 (S.D.N.Y. 1981); *see Comstock v. Morgan,* 165

F.Supp. 798 (W.D.Mo.1958); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723, at 598–99. Although a court may in its discretion permit subsequent joinder of non-diverse parties thereby requiring remand to the state court, *see Soam Corp. v. Trane Co.,* 506 F.Supp. 302 (S.D.N.Y.1980), in doing so "a trial court should pay particular attention to the motive underlying the plaintiff's motion because 'he may well be inclined to add a new defendant only to have his action remanded to the state forum, the one he had originally chosen as best suited to his purposes.' " *Shaw, supra,* at 1213, *quoting Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1376 (9th Cir. 1980). Such concerns might well be determinative in this action.

It is similarly the case that were this action remanded to state court and were defendant GECC then dismissed, the case would once again be removable to federal court. *See Quinn v. Aetna Life and Gas Co.,* 616 F.2d 38, 40 n. 2 (2d Cir.1980); *Platt v. Illinois Cent. R. Co.,* 305 F.2d 136, 139 (5th Cir.1962). Although it is true that a distinction remains between the ability to remove subsequent to either a voluntary or an involuntary termination of the plaintiff's case against the non-diverse defendant, *see Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 548 (5th Cir.1967), 14 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, § 3723 at 595–6, the final involuntary dismissal of the claim against the non-diverse party will afford the defendant an opportunity once again to remove the case. *See Quinn v. Aetna Life and Gas Co., supra.* Whether the insufficiently pleaded case against GECC is dismissed now or by the state court, consequently, defendants Puritan and Puritan Excess will be able to maintain this action in federal court. Given the alternative courses just described, the most direct and expeditious treatment appears to be dismissal by this court.

## Conclusion

The motion to dismiss GECC as a defendant is granted, and the motion to remand

the case is denied. Plaintiffs are granted twenty (20) days to move to amend, and seek joinder of GECC.

IT IS SO ORDERED.