Elemerree WORTHY, Plaintiff,

v.

SCHERING CORPORATION,
Defendant.

No. 85 Civ. 0207.

United States District Court,
E.D. New York.

April 29, 1985.

Paul S. Mirman, P.C., Brooklyn, N.Y., for plaintiff.

Solin & Breindel, P.C., New York City, for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This is a products liability action against a pharmaceutical firm, Schering Corporation. The case was recently removed from New York Supreme Court on the basis of diversity. Plaintiff has moved for a remand, arguing that the petition for removal was untimely and made with improper motives. For the reasons that follow, this action is remanded for lack of diversity jurisdiction, without an award of costs to plaintiff.

*Background*

This litigation arises from a malpractice action, *Elemerree Worthy v. Dr. Michael Kaiser*, filed in New York Supreme Court, Kings County, against Dr. Michael Kaiser, a New York resident. Plaintiff is also a New York resident. The complaint in that action, dated January 7, 1983, alleges in extremely vague terms that on or about June 7, 1981, Kaiser was negligent in performing "certain [unspecified] surgical procedures" on plaintiff and in treating and caring for plaintiff. The complaint further recites that plaintiff suffered [unspecified] injuries as a result of Dr. Kaiser's negligence. The action was assigned index number 21812/83.

On or about April 25, 1984, Schering was served with a document entitled, "Amended Complaint," bearing the caption *Elemerree Worthy v. Dr. Michael Kaiser & Schering Corporation*. Paragraphs 1–10 of that "Amended Complaint" reiterate verbatim the allegations against Kaiser set forth in the first complaint. The remaining allegations in the Amended Complaint are addressed to claims against Schering, alleging that plaintiff was injected with a drug manufactured by Schering called "Solganol," which caused plaintiff to suffer serious [unspecified] injuries. The complaint is largely devoid of any allegations as to the specific dates of the Solganol injections, except for the allegation that the last injection occurred on or about August 6, 1982. For reasons that are not entirely clear to me, both plaintiff and Schering seem to assume that the Amended Complaint created a second, independent action. It nonetheless appears that the "second action" was never assigned an independent index number in the Supreme Court. It further appears that the files for both "actions" were transmitted to this Court by the Clerk of the Supreme Court. Defendant contends that the claims against Schering and Kaiser involved "totally different circumstances." However, a Bill of Particulars submitted by plaintiff after the first complaint was served states that Kaiser's negligence occurred between June 7, 1981 and September 1982, and specifies about two dozen negligent acts, virtually all of which concerned the administration of Solganol.

On or about July 30, 1984, plaintiff moved in Supreme Court to consolidate the two actions. Schering sought and received several adjournments of that motion, though Schering maintains that it sought only brief adjournments and the Court *sua sponte* adjourned the motion to January 22, 1985. At oral argument, Schering further explained that one of the adjournments was granted at the request of plaintiff. Plaintiff's affirmation in support of that motion, dated July 30, 1984, stated that the first action "was commenced by" service on Kaiser and the second "was commenced by" service on Schering. *See* Affirmation of Paul S. Mirman. As discussed below, plaintiff maintains that these statements in this affirmation did or should have alerted Schering that Kaiser was never served in the second action.

In a letter to plaintiff's counsel dated January 10, 1985, Schering's recently substituted counsel stated that it did not have a record indicating that Kaiser was served in the second action and asked for a copy of the proof of service. Plaintiff replied, in a letter dated January 14, 1985, that Kaiser was not served in the new action, but was served in the original action only. On January 22, 1985, Schering appeared before the Supreme Court and requested an adjournment to file a petition for removal. The petition for removal was filed in this Court that same day.

At oral argument on this motion, plaintiff's counsel informed the Court that plaintiff had moved in the Supreme Court for leave to amend the complaint in the first action to add Schering as a defendant.[1] Plaintiff's counsel stated that leave to amend had been granted and that Schering had been served in the first action. Plaintiff did not, however, offer a copy of the order granting leave to amend. Counsel explained that the Clerk of the Supreme Court could not locate the order because the file in that case had been transmitted to the Clerk of this Court, and the order was somehow misplaced. The cause of that problem is obvious—the Clerk of the Supreme Court apparently believed, with good reason, that the "two actions" actually constituted one single case, filed under one index number, and transmitted the entire file in that case to this Court after the petition for removal was filed.

*Discussion*

Plaintiff urges essentially two grounds for a remand: (1) the petition for removal was untimely, and (2) the removal was the result of improper motives and "chicanery." Plaintiff alternatively argues that if a remand is denied, the first action should be removed to this Court under 28 U.S.C. § 1441(c). Plaintiff did not cite any cases in support of her arguments.

■■■ It appears that a remand is indeed necessary because the Court lacks diversity jurisdiction over this case. It is well established that an action based on state law cannot be removed to federal district court if any nondiverse defendant is joined in the complaint, even if the nondiverse defendant was never served. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 319–21 (1985). Where the nondi-

verse defendant has not been served, the action cannot be removed unless and until that defendant has been formally dropped from the case. 14A Wright, Miller & Cooper, § 3723, at 319–21. Kaiser's citizenship is not diverse from plaintiff's and he has not been dropped from this action. In any event, notwithstanding plaintiff's concession that Kaiser was not served in the second action, Kaiser could be deemed effectively served since he was served in the first action and any argument that the two actions are separate would seem an unjustifiable emphasis upon form over substance.

Schering argues that an action between diverse parties can be removed if a nondiverse codefendant has not been served. In making this argument, Schering fails to recognize that there are two separate requirements for removal in diversity cases. First, only actions over which the Court could have exercised original jurisdiction can be removed. 28 U.S.C. § 1441(a). This requires a showing of complete diversity. 28 U.S.C. § 1332(a); *Pecherski*, 636 F.2d at 1160–61. Second, a diversity case can only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Although, as discussed above, the failure to serve a nondiverse defendant will not avoid the requirement of complete diversity, some courts have held that the existence of an unserved defendant who resides in the forum state will not bar removal under § 1441(b). *See* 14A Wright, Miller & Cooper, § 3723 at 341–42. Wright, Miller & Cooper have observed that the apparent inconsistency between the rules regarding unserved defendants under § 1441(a) and § 1441(b) "is unfortunate and can only be justified in terms of the nondiverse party's presence being a more fundamental defect in subject matter jurisdiction than is the presence of a local defendant in violation of Section 1441(b)." *Id.* In any event, the

---

**1.** The circumstances surrounding the motion to amend are also described in a "Reply Affirmation" submitted in conjunction with the present motion. That affirmation was filed and served during the day preceding oral argument of this

motion, in disregard of the motion rules of this Court. Those rules are published every Tuesday in the New York Law Journal. Plaintiff was advised at oral argument that her untimely papers would not be considered by the Court.

courts in this Circuit have held that a diversity action cannot be removed when a resident defendant is named in the complaint but has not been served. *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y.1984); *Sands v. Geller*, 321 F.Supp. 558, 562 (S.D.N.Y.1971).

■ The existence of a nondiverse, unserved defendant will not require a remand when the removing party can prove that joinder of the nondiverse defendant was a "fraudulent" effort to defeat removal. *Allied Programs*, 592 F.Supp. at 1276. Such fraud must be asserted with particularity and supported by clear and convincing evidence. 14A Wright, Miller & Cooper, § 3723 at 342–43. The test for fraudulent joinder is stringent: it must be established " 'that there can be no recovery [against the unserved defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist when a petition for remand is heard.' " *Allied Programs*, 592 F.Supp. at 1276 (citations omitted).

Schering has not articulated any evidence of fraud. Schering merely speculates that Kaiser was not served in the second action because the statute of limitations had expired, but offers no facts or law in support of that contention. Schering Memorandum at 4 n. 1. Such an unsupported allegation does not satisfy the test for fraudulent joinder. Furthermore, it is undeniable that the original complaint against Kaiser was served before the statute of limitations had expired, and the complaint in the second action, denominated by plaintiff as an "Amended Complaint," contained the same allegations concerning Kaiser as the first complaint. Under both federal and New York rules, the claims against Kaiser in the amended complaint should relate back to the time of service of the original complaint for statute of limitations purposes. Fed.R.Civ. 15(c); N.Y. Civil Practice Law & Rules, § 203(e) (McKinney 1972). Consequently, it is doubtful that the claim against Kaiser is time-barred.

I therefore hold that this case must be remanded to the state court because, in the absence of complete diversity, this Court lacks subject matter jurisdiction over all of the claims raised by plaintiff. Plaintiff also requests an award of costs "to compensate for the enormously time-consuming motion practice in the above matter." Plaintiff's Memorandum at 3. Section 1447(c) of Title 28, United States Code, provides that the Court *"may* order the payment of costs" when remanding, but such an award is discretionary. 28 U.S.C. § 1447(c) (emphasis added); 14A Wright, Miller & Cooper, § 3739 at 586–87. As I believe that all of the grounds for removal asserted in plaintiff's papers are meritless, I hereby deny the request for costs.

■ Specifically, plaintiff first asserts that the petition for remand was untimely because the July 30, 1984 affirmation accompanying plaintiff's motion to consolidate should have alerted Schering that Kaiser had not been served. The affirmation merely stated that the second action was commenced by service on Schering. I do not see how this should have alerted Schering that Kaiser was never served. The affirmation merely contained a pro forma recitation of the appropriate means of commencing an action in New York Supreme Court—by the service of process on the defendant. *See* N.Y. Civil Practice Law & Rules, § 304 (McKinney 1972). As I recently held in another case, the period for filing a petition for removal runs only after the defendant receives a document from which it can " 'intelligently ascertain removability.' " *E.W. Howell Co. v. Underwriters Labs. Inc.*, 596 F.Supp. 1517, 1520 (E.D.N.Y.1984), *citing Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir.1957). Assuming *arguendo* that the motion would have been removable if Kaiser had not been served, Schering could not have made an intelligent assessment of the removability of this action from the Mirman affirmation.

■ Plaintiff alternatively argues that remand is appropriate because Schering's motive in removing the action was improp-

er. This argument is specious—the right to remove is "statutory and absolute, regardless of motivation...." *White v. Wellington,* 627 F.2d 582 (2d Cir.1980). Furthermore, a district court can only order a remand for grounds specified in the controlling statute, 28 U.S.C. § 1441(c). *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 344, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976). District courts do not have the power to remand actions for purely discretionary reasons such as improper motive, which are not authorized by § 1441(c). *Id.* at 345 n. 9, 96 S.Ct. at 590 n. 9.

In light of the above, the remand of this action is, in effect, a *sua sponte* order for lack of subject matter jurisdiction. I therefore do not believe that an award of costs to plaintiff would be appropriate.

SO ORDERED.