■ MAURICE MUSMAN, Appellant-Respondent, v MODERN DEB, INC., et al., Respondents-Appellants, and EUROPEAN AMERICAN BANK, Respondent.— Order of the Supreme Court, New York County, entered in the office of the clerk on May 10, 1976, referring to a Special Referee the petition seeking an order that respondents turn over to petitioner a certificate of deposit, said reference to resolve factual issues "with respect to the current existence of the certificate, and as to the intent of the stipulation which calls for the creation of such certificate", and denying respondents' motion to dismiss the petition, unanimously affirmed, without costs and without disbursements. Pending appeal to this court, the parties executed a stipulation in favor of plaintiff against each defendant in the sum of $59,187.03. The following paragraphs of the stipulation are pertinent: "WHEREAS, the defendants, feeling aggrieved by the said judgment, have appealed therefrom to the Supreme Court, Appellate Division, First Department, and defendants intend the herein described property as security upon said appeal and for staying enforcement of the judgment pending the appeal; NOW, THEREFORE, we, the undersigned, counsel for plaintiff and defendants do hereby stipulate and agree that for the purpose of staying enforcement of the judgment pending appeal, a renewable 90 day Certificate of Deposit in the sum of $60,000.00 issued by the European American Bank and held in escrow by said Bank, shall constitute good and sufficient security. If the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the defendant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it is affirmed, from the proceeds of the above described Certificate of Deposit." On appeal, this court increased the judgment of Modern Deb to $108,330.50 plus interest and dismissed the complaint as against First Republic (see *Musman v Modern Deb,* 50 AD2d

761). Petitioner claims the certificate of deposit was intended to stand as security on behalf of both defendants and points to the numerous appearances of the word "defendants" therein, and that the stipulation admits of no other interpretation. This argument is premised on the opening words of the sentence, "If the judgment appealed from or any part thereof is affirmed" which it is asserted refers to the judgment against both defendants. Respondents contend that employment of the singular "defendant" as the subject of the words "will pay" indicates the security was furnished as to only one defendant (First Republic), that as a matter of fact the plaintiff in its pleading admitted Modern Deb was, at the time the action was commenced, insolvent, that it would be absurd to contend the $60,000 certificate of deposit was to be used as security to satisfy a judgment against an insolvent defendant, and that examination of the circumstances surrounding the execution of the stipulation would warrant the conclusion the certificate of deposit was intended merely as security if a judgment were recovered against First Republic. In brief, petitioner relies solely upon the language of the stipulation, while respondents assert the language is ambiguous. Respondents are correct in their contention that an ambiguity exists. This is so, if for no other reason than that the word "defendant" in the operative clause of the stipulation clearly is in the singular and it cannot be gleaned from the language of that clause to which defendant it refers. Additionally, the recital clause speaks of "defendants". Where a recital clause and an operative clause are inconsistent, the operative clause if unambiguous, should prevail (*Williams v Barkley,* 165 NY 48). Where a recital clause and operative clause are inconsistent and the recital clause is clear but the operative clause is ambiguous, the recital clause should prevail (*Williams v Barkley, supra*). In a later decision the Court of Appeals observed that ambiguities in an agreement may be resolved by the court on a motion for summary judgment (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). Where as here, the two clauses are so intertwined that the ambiguity of the operative clause permeates the basic aspects of the agreement and the intent of the parties cannot be gleaned from the instrument, a question of fact is presented which must be determined dehors the words of the instrument itself (*O'Neill Supply Co. v Petroleum Heat & Power Co.,* 280 NY 50, 56) and accordingly summary judgment is not appropriate. There is also a factual issue with respect to the current existence of the certificate, which, although subpoened by appellant, has not been produced. Concur—Lupiano, J. P., Birns, Lane and Markewich, JJ.