791 P.2d 1092

**Vinton L. FUGATE, Plaintiff/Appellee,**

**v.**

**TOWN OF PAYSON, a municipal corporation, Defendant/Appellant.**

**No. 2 CA-CV 89-0248.**

Court of Appeals of Arizona, Division 2, Department A.

May 10, 1990.

Jennings, Strouss & Salmon by Timothy W. Barton and Diane R. Flaaen, Phoenix, for plaintiff/appellee.

Harlan W. Green, Payson, for defendant/appellant.

## OPINION

HATHAWAY, Judge.

The issues in this appeal are whether the trial court was correct in quieting title in plaintiff and awarding him attorney's fees under A.R.S. § 12–341.01(A).

Plaintiff/appellee filed a complaint against appellant, and others not parties to this appeal, seeking to quiet title to a strip of land subject to an easement. In 1972, appellee's predecessor-in-interest granted an easement to the Payson Sanitary District and Gila County across property located on Highway 87 in Gila County.

The recital clause of the Easement Agreement states that it is for sewer, utility and public access purposes. The granting or operative clauses, however, create an easement only for sewer and utility purposes. The recital clause provides:

WITNESSETH: THAT WHEREAS for the convenience of the undersigned parties it is necessary for the Payson Sanitary District, Gila County, Arizona, *to run its sewer lines across certain prop-erty* of the undersigned parties, which portion of said property herein granted is more particularly described as follows: *Said property is also granted for the use of public access and other public utilities to serve the adjoining proper-ties.*

(Emphasis added)

The operative or granting clauses provide:

NOW, THEREFORE, WE, THE UNDERSIGNED PARTIES, FOR AND IN CONSIDERATION OF One Dollar ($1.00) to us in hand paid by the Payson Sanitary District, receipt of which is hereby acknowledged, do hereby grant unto the Payson Sanitary District and to Gila County, an easement in perpetuity for the portion or portions of the above described property which we, the undersigned, now own or now have an equity, claim, or interest in, over and across the above described property *for the purpose of constructing, maintaining, operating, inspecting and repairing sewer lines and other utilities,* and the necessary adjuncts thereto, laid thereon and therein, and it is distinctly understood and agreed that the Payson Sanitary District shall at all times have the right to enter upon said premises when necessary for the purpose above mentioned.

PROVIDED that in the event of the Payson Sanitary District, by or through any of its employees exercising its right of entry for maintenance, or repair of said sewer lines, it shall not cause any damage to the grantor herein; and if any damage is at any time caused by such entry, that the Payson Sanitary District after performing any maintenance, or repair work, shall restore the surface of the ground to its former state.

(Emphasis added)

Both clauses are clear and unambiguous. However, a conflict exists between them. The rule of construction applied when a conflict exists between the recitals and the operative part of a contract is well settled:

If the recitals are clear and the operative part is ambiguous, the recitals govern the construction. If the recitals are ambiguous and the operative part is clear,

the operative part must prevail. *If both the recitals and the operative part are clear, but they are inconsistent with each other, the operative part is to be preferred.*

*Jamison v. Franklin Life Ins. Co.*, 60 Ariz. 308, 317, 136 P.2d 265, 269 (1943), quoting *Williams v. Barkley*, 165 N.Y. 48, 58 N.E. 765, 767 (1900) (Emphasis added). See *Maddux & Sons, Inc. v. Trustees of Arizona Laborers, Teamsiers and Cement Masons*, 125 Ariz. 475, 479, 610 P.2d 477, 481 (App.1980); *Musman v. Modern Deb, Inc.*, 392 N.Y.S.2d 24, 56 A.D.2d 752 (1977).

██ A recital to a contract is an expression of the reasons for the transaction and may be an important indication of the parties' intent when the agreement is ambiguous. *Maddux & Sons*, supra. It is not strictly part of the contract, however, and cannot be construed as governing or constituting the parties' agreement. *Rains v. Walby*, 13 Wash.App. 712, 537 P.2d 833 (1975). When the recitals are broader than a contract's operative clauses, the recitals cannot be used to extend or broaden the restrictions contained in the body of the agreement. *Las Animas Consol. Canal Co. v. Hinderlider*, 100 Colo. 508, 68 P.2d 564 (1937); *Albrecht v. State Highway Commission*, 363 S.W.2d 643 (Mo.1962).

██ Here, the recital and operative clauses of the Easement Agreement are separate and unambiguous, the terms of each conflict and the recital clause is broader than the operative clause. On these facts, the trial court properly construed the agreement as creating an easement for utility purposes only, and we affirm that part of the judgment.

██ We believe, however, that the trial court erred in awarding appellee attorney's fees under A.R.S. § 12–341.01(A). The legislature has set forth a statutory procedure for recovery of attorney's fees in quiet title actions. A.R.S. § 12–1103(B) requires one who seeks to quiet title to property to tender a quitclaim deed and $5.00 to the adverse party. Appellee did not do so in this case. The same issue was decided in *Lange v. Lotzer*, 151 Ariz. 260, 727 P.2d 38 (App.1986). There, Division One of this court held that A.R.S. § 12–341.01 did not apply to quiet title actions. As the court noted, A.R.S. § 12–341.01 is a general statute while A.R.S. § 12–1103(B) is a specific statute. It is well settled that a specific statute governs over a general one on the same subject and is controlling. *Campbell v. Commonwealth Plan, Inc.*, 101 Ariz. 554, 422 P.2d 118 (1966); *Berry v. State*, 145 Ariz. 12, 699 P.2d 387 (App.1985). A.R.S. § 12–341.01(A) itself provides in part, "This section shall in no manner be construed as altering ... present ... statutes that may provide for attorney's fees." We are not persuaded by appellant's attempts to distinguish *Lange*. We find its reasoning persuasive.

We decline to award attorney's fees. Appellant is granted costs.

The judgment quieting title to public access in appellee is affirmed; the award of attorney's fees is reversed.

ROLL, P.J., and HOWARD, J., concur.