■ JONES APPAREL GROUP, INC., et al., Respondents, v POLO RALPH LAUREN CORPORATION et al., Appellants, et al., Defendant. POLO RALPH LAUREN CORPORATION et al., Appellants, v JONES APPAREL GROUP, INC., et al., Respondents. [791 NYS2d 409]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 22, 2004, dismissing the complaint in the Polo action and bringing up for review an order, same court and Justice, entered March 19, 2004, which denied appellants' motion for summary judgment dismissing the first cause of action in the Jones action and denied their cross motion for summary judgment in the Polo action, and order, same court and Justice, entered August 24, 2004, which, to the extent appealable, denied the motion to renew, unanimously affirmed, with one bill of costs.

The court properly concluded that the parties' contract was unambiguous and that the phrase "any of the above-referenced agreements," in paragraph 3 of the Cross-Default and Term Extension Agreement, refers only to the agreements specifically mentioned in paragraphs 1 and 2 (i.e., the operative portion) of the contract. Since the contract is unambiguous on its face, there is no need to refer to its recitals, which are not part of the operative agreement (*see Ross v Ross*, 233 App Div 626, 635 [1931], *affd sub nom. Hutchison v Ross*, 262 NY 381 [1933]; *see also Williams v Barkley*, 165 NY 48, 57 [1900]; *Trump Vil. Section 3 v New York State Hous. Fin. Agency*, 292 AD2d 156, 158 [2002], *lv dismissed* 98 NY2d 671 [2002]). The motion to renew was properly denied, since extrinsic evidence may not be offered

to vary the unambiguous terms of a contract (*see ABS Partnership v AirTran Airways*, 1 AD3d 24, 29 [2003]). Concur—Tom, J.P., Mazzarelli, Saxe, Ellerin and Nardelli, JJ. [*See* 3 Misc 3d 1107(A), 2004 NY Slip Op 50464(U) (2004).]