NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GENE D. WATSON, et al., *Plaintiffs/Appellees/Cross-Appellants*,

*v.*

LEISURE WORLD COMMUNITY ASSOCIATION,
*Defendant/Appellant/Cross-Appellee*.

No. 1 CA-CV 20-0592
FILED 12-2-2021

Appeal from the Superior Court in Maricopa County
No. CV2017-055942
The Honorable Andrew J. Russell, Judge
The Honorable Cynthia J. Bailey, Judge (retired)

**AFFIRMED IN PART, VACATED IN PART, REMANDED**

COUNSEL

Carpenter, Hazlewood, Delgado & Bolen, LLP, Tempe
By Chad P. Miesen, Kate J. Merolo
*Counsel for Defendant/Appellant/Cross-Appellee*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Eileen Dennis GilBride

Davidson & Funkhouser, PLLC, Scottsdale
By Frederick E. Davidson (argued), Josh G. Funkhouser

*Co-Counsel for Plaintiffs/Appellees/Cross-Appellants*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

**FACTS AND PROCEDURAL BACKGROUND**

**¶1**　　　Leisure World Community Association ("Association") serves as the property owners' association for nearly two dozen single-family platted communities, including the Plat 24 community. Each community is governed by its Declaration of Covenants, Conditions, and Restrictions (CC&Rs). Plat 24's original CC&Rs required that at least three-quarters of Plat 24 record owners approve any amendments to the CC&Rs. The Watson-McKinley Residence Revocable Trust ("Trust") owns a unit in Plat 24.

**¶2**　　　In 2013, without obtaining the owners' approval, the Association recorded the first document at issue, the "2013 Consolidated Declaration," which purported to "consolidate and restate" the declarations of the other platted communities served by the Association.

**¶3**　　　In 2014, the Association recorded the second document at issue, the "Amendment to the Declarations of Covenants, Conditions and Restrictions for Leisure World Plats 6 Through 15, Plat 16F and Plats 17 Through 27" ("2014 Amendment"), which expressly modified the voting requirements of every platted community so amendments could be adopted by three-quarters of record owners across the platted neighborhoods rather than within each community. After requesting that each record owner consent to the proposed amendment, the Association received permission from 47 of 54 units in Plat 24.

**¶4**　　　In February 2017, the Trust's attorney wrote to the Association demanding the release of the Consolidated Declaration and the 2014 Amendment. The Association refused. Nine months later, the Trust filed a complaint seeking the documents' release and asserting claims of quiet title and violation of A.R.S. § 33-420, a statute governing the recording of or failure to release documents asserting invalid claims of interest in real property.

¶5 The Trust argued that (1) the Consolidated Declaration was an amendment and as such required certification by three-quarters of the record owners of each affected platted community under the Plat Declaration; (2) the Consolidated Declaration constituted a cloud on the Trust's title; (3) the Association failed to certify the 2014 Amendment as required by the Plat 24 Declaration or A.R.S. § 33-1812; and (4) both documents required the unanimous consent of each affected platted community because their terms were unforeseeable. *See Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 43, ¶¶ 33–38 (App. 2010) (addressing conditions under which unanimity is required). In its answer, the Association conceded the Consolidated Declaration was not certified but claimed it did not need certification because it was not an amendment. The Association denied the Trust's other claims. The parties moved for summary judgment, raising the same arguments and arguing whether the 2014 Amendment constituted a cloud on the Trust's title.

¶6 The court found numerous disputes of material fact and ultimately denied both motions. After the Trust deposed several of the Association's witnesses, the parties again moved for summary judgment to resolve all issues. The court granted summary judgment for the Trust.

¶7 The court determined that (1) the Consolidated Declaration was an amendment; (2) the 2014 Amendment's consent forms were insufficient in form and number to comply with the existing CC&Rs; (3) the 2014 Amendment's provision requiring amendments to be voted on across plats was "an unforeseeable shift in benefits from one group of members to another" requiring a unanimous vote; (4) both recorded documents were groundless and invalid under A.R.S. § 33-420; (5) when recording both documents, the Association knew or had reason to know they were groundless and invalid; (6) knowing the documents were groundless and invalid, the Association willfully refused to release them; and (7) the Association claimed an interest adverse to the plaintiffs by recording each document.

¶8 The court determined that because both recorded documents were not adopted per A.R.S. § 33-1817(A)(2), they could not be released solely as to the Trust's property but must be released on all lots in the Association. The court granted judgment for the Trust, barring and forever estopping the Association from claiming rights, title, or interests arising out of the documents against the Trust or the Property. The court ordered the release and extinguishment of the documents. Following A.R.S. § 33-420(A), the court awarded $5000 in statutory damages for the wrongful recordation of each document. Under A.R.S. § 33-420(C), the court awarded

$1000 in statutory damages for the Association's willful refusal to release each document. Finally, the court awarded the Trust around $116,000 in attorney's fees and $4000 in costs.

¶9        The Association moved for a new trial, challenging all adverse rulings. *See* Ariz. R. Civ. P. 59(a).

¶10        The original judge retired from the superior court and was replaced. The newly constituted court concluded the Association did not violate A.R.S. § 33-1812 because the statute's ballot requirements did not apply to the consent forms about the 2014 Amendment.

¶11        The court determined that the Consolidated Declaration was a mere restatement and struck the order invalidating it. Despite concluding that the judgment misapplied § 33-1812 to the 2014 Amendment's voting requirements, the court found that the consent forms were still insufficient in form and number and did not disturb the judgment's statutory damages stemming from the 2014 Amendment. The court did not alter the Trust's attorney's fees award entered as part of the original judgment but declined to award the Trust attorney's fees incurred in defending the Association's motion for a new trial. Both parties appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), -2101(A)(1), and -2101(A)(5)(a).

## DISCUSSION

¶12        The parties challenge all adverse rulings, disputing the effect and legitimacy of the Consolidated Declaration, the legitimacy of the 2014 Amendment voting process both by law and under the existing CC&Rs, and the applicability of A.R.S. § 33-420.

¶13        We will not overturn a decision to grant a motion for a new trial absent a "clear abuse of discretion." *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009); *See also Reyes v. Town of Gilbert*, 247 Ariz. 151, 157, ¶ 21 (App. 2019) ("We generally review the grant of a new trial more liberally than an order denying one."). But "[b]ecause a trial court abuses its discretion if it commits an error of law, we review *de novo* the superior court's rulings on questions of law presented in the motion for new trial." *Id.*

¶14        A recorded declaration that contains restrictive covenants common to all properties in a development is a contract between the property owners as a whole and the individual lot owners. *Johnson v. Pointe Cmty. Ass'n, Inc.*, 205 Ariz. 485, 489, ¶ 23 (App. 2003). Thus, such a declaration's interpretation is a question of law. *Id.* In construing CC&Rs,

we read the language in its ordinary sense and read restrictions "in light of the circumstances surrounding [their] formulation, with the idea of carrying out [their] object, purpose and intent." *Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 297, ¶ 31 (App. 2011) (quoting *Powell v. Washburn,* 211 Ariz. 553, 557, ¶ 16 (2006)).

## A.     The Consolidated Declaration Was an Invalid Amendment.

**¶15**         The parties do not dispute that an amendment to the CC&Rs requires a vote from the record owners and that the Consolidated Declaration was recorded without such a vote. An amendment that does not follow the requirements of a community's governing documents is invalid. *La Esperanza Townhome Ass'n, Inc. v. Title Sec. Agency of Arizona*, 142 Ariz. 235, 239–40 (App. 1984). Thus, the Consolidated Declaration can only be valid if it was not an amendment. We conclude it was an amendment and invalid.

**¶16**         Before the Consolidated Declaration's recording, the Plat 24 Declaration provided that no amendment could "eliminate or alter the rights of the Association with respect to the Community Facilities" and required that amendments be approved by at least three-quarters of the record owners in the "Project." "Project" was defined as "property described on Exhibit 'A,'" a single-page document containing only the full name of Plat 24. The Consolidated Declaration includes the same amendment provision, except it omits the limiting language "with respect to the Community Facilities" and redefines the term "Project" by including additional residential platted communities in Exhibit A.

**¶17**         A plain reading of the Consolidated Declaration reveals two significant alterations to the CC&Rs governing Plat 24. First, by omitting "with respect to Community Facilities," the CC&Rs now provide that no amendment may eliminate or alter *any* rights of the Association without its written consent, increasing the Association's control over the voting process and strengthening its ability to protect its interests. Second, by including several residential platted communities in Exhibit A and by continuing to define Project as the property described in Exhibit A, the CC&Rs as written permit amendments by a vote of three-quarters of the record owners across the residential communities, instead of three-quarters of record owners within Plat 24. This alteration to the CC&Rs eliminates Plat 24's ability to amend its governing documents autonomously.

**¶18**         The Association argues the Consolidated Declaration's recitals and a supplemental text show that the drafters cannot have

intended to make substantive changes to the CC&Rs. To support this argument, the Association points to the Consolidated Declaration's recitals, which state that "the Association and its members desire to consolidate and restate" the governing documents. The Association also points to the testimony of a former president and board member who said it did not intend to create changes. And the Association notes it never sought to apply this new voting procedure when passing the 2014 Amendment.

¶19  But none of this extrinsic evidence allows us to come to an interpretation consistent with the Consolidated Declaration's plain language. The Consolidated Declaration's recitals do not allow for a reading contradicted by its operative provisions. *See Fugate v. Town of Payson*, 164 Ariz. 209, 210–11 (App. 1990) (Where a contract's recitals and operative provisions are clear but contradict each other, the operative provision governs.). And "[s]elf-serving assertions without factual support in the record will not defeat a motion for summary judgment." *Florez v. Sargeant*, 185 Ariz. 521, 526–27 (1996) (quoting *Jones v. Merchants Nat'l Bank & Tr. Co. of Indianapolis*, 42 F.3d 1054, 1057–58 (7th Cir. 1994)).

¶20  Finally, the Association asserts that the omission of the phrase "with respect to Community Facilities" was a clerical error. Some evidence supports this claim. A supplemental document meant to help interpret the Consolidated Declaration provides how alterations to the original CC&Rs should be read. It provides that bracketed and bolded text denotes editorial content and bracketed text not in bold font denotes a change in the operating text, either to keep internal references consistent or provide language indicating where a text only applies to specific properties. The omission of the language "with respect to Community Facilities" is not denoted by any change to the font. But the Association identifies no authority suggesting that this alleged mistake changed the effect of the Consolidated Declaration, and no ambiguity in the document itself gives notice to the reader that the apparent change to the operative text should be disregarded. *See* A.R.S. § 33-416 (The recording of an instrument notifies "all persons" of the instrument's existence.).

## B.  The 2014 Amendment Is Invalid.

¶21  The Association argues the superior court erred by concluding the consent forms used to pass the 2014 Amendment were insufficient in form and number. We disagree because we conclude the Association did not receive consent from enough record owners to comply

with the Amendment provision of the Plat 24 Declaration.[1] Thus, we conclude the 2014 Amendment is also invalid. *See La Esperanza Townhome Ass'n*, 142 Ariz. at 239–40.

¶22 An association may amend a declaration by an affirmative vote or written consent of the number of owners specified in the declaration. A.R.S. § 33-1817(A)(1). Amendments are effective immediately on recordation. A.R.S. § 33-1817(A)(4). A nonprofit corporation may approve an action without a meeting if the action is supported by written consents signed by members representing the amount of "voting power" required by the nonprofit corporation's articles of incorporation or bylaws. A.R.S. § 10-3704(A). These forms must "describ[e] the action taken." *Id.* Similarly, a nonprofit corporation may take any action that it could take at an annual, regular, or special meeting of members without a meeting if it delivers "a written ballot to every member" that "[s]et[s] forth each proposed action." A.R.S. § 10-3708(A), (B).

¶23 The parties do not dispute that an amendment to the Plat 24 declaration required the approval of three-quarters of Plat 24's record owners. Plat 24 contains 54 units. To obtain the consent of three-quarters of the community, the Association must have at least 41 consents. The Association obtained 47 consents, but 21 did not refer to amending the Plat 24 declaration or summarize the 2014 Amendment's effect on voting rights.[2] The Association asserts that it made both representations in the Leisure World News. But such representations do not comply with the requirements that the forms themselves describe the amendment. A.R.S. § 10-3704(A).

---

[1] Because we conclude the 2014 Amendment is invalid because it lacked the consent of three-quarters of Plat 24's record owners, we do not address the parties' arguments about whether the 2014 Amendment required the record owners' unanimous approval.

[2] On appeal, the Association maintains that the consent forms provide notice of both changes. But the parties agreed that only 25 of the forms expressly refer to the record owner's consent to amending the Plat 24 Declaration or the other CC&Rs. The Association makes no comment about the list of forms attached to the Trust's separate statement of facts in support of its motion for summary judgment, in which 21 of the consents omit this language.

C.    **The Association Violated A.R.S. § 33-420(A) and (C) by Recording and Refusing to Release the Consolidated Declaration, but Not by Recording or Refusing to Release the 2014 Amendment.**

¶24        Arizona Revised Statutes § 33-420 penalizes those responsible for recording a document that reflects an "interest in, or a lien or encumbrance against, real property" that is "forged, groundless, contains a material misstatement or false claim or is otherwise invalid," and who know or should know of the document's invalidity. Subsection (A) penalizes those who cause the document to be recorded, and subsection (C) penalizes those named in the document who willfully refuse an owner's or beneficial title holder's request to release or correct the document. In addition, subsection (D) provides that "[a] document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid."

¶25        The Association recorded the Consolidated Declaration and the 2014 Amendment and refused to release or correct both documents at the Trust's request. We have concluded that both the Consolidated Declaration and the 2014 Amendment lacked legal authority for their recordation. But A.R.S. § 33-420 requires that two more conditions be met: (1) the documents must constitute "interests in, or liens or encumbrances" against the Trust's property; and (2) the Association knew or should have known that the documents were invalid, either when recording them or when willfully refusing to release them within 20 days of the Trust's request that it do so. We conclude that, for the Consolidated Declaration, both conditions were met.

1.    **The Dilution of the Trust's Voting Power and the Expansion of the Association's Veto Power Each Constitutes an "Encumbrance" under A.R.S. § 33-420.**

¶26        "The primary principle of statutory interpretation is to determine and give effect to legislative intent." *Wyatt v. Wehmueller*, 167 Ariz. 281, 284 (1991). The text of A.R.S. § 33-420 is unambiguous, so we need only apply the text's plain meaning to understand the legislature's intent. *Stauffer v. U.S. Bank Nat'l Ass'n*, 233 Ariz. 22, 25, ¶ 10 (App. 2013).

¶27        In its briefing, the Trust asserted that the Consolidated Declaration and the Amendment created an encumbrance. At oral argument, the Trust claimed that they created an interest. According to the Trust, both documents purport to create two changes to the CC&Rs that result in either an encumbrance or an interest: the authorization of

amendments by three-quarters approval across platted communities rather than from each plat, and the authorization of the Association to veto any amendment that would eliminate or alter any of its rights, rather than its rights to community facilities. We conclude that each change by both documents creates an encumbrance.

**¶28** This court has relied on the Uniform Commercial Code to define "encumbrance" as used in A.R.S. § 33-420. *Baumgartner v. Timmins*, 245 Ariz. 334, 336, ¶ 9 (App. 2018). According to the Code, an encumbrance is a "right, other than an ownership interest, in real property." A.R.S. § 47-9102; *see Baumgartner*, 245 Ariz. at 336, ¶ 9 ("§ 33-420(A) & (C) do not apply unless the recorded document purports to create or claim a right or liability of some kind attached to the property."). We recognize that this definition, as considered here, requires an inquiry into whether the expansion of the Association's veto power and the dilution of the Trust's voting power within Plat 24 relate to property directly enough to create a right to property, rather than solely a contract right that contemplates property.

**¶29** To that end, we note that the legislature considered it necessary to exclude CC&Rs, easements, rights-of-way, and other property rights from the definition of "lien or encumbrances" in a statute governing property sales. A.R.S. § 33-438(A). And Arizona courts have acknowledged easements and CC&Rs to be encumbrances. *See, e.g.*, *First Am. Title Ins. Co. v. Johnson Bank*, 239 Ariz. 348, 353, ¶ 24 (2016) (undisclosed CC&Rs that prevented the commercial development of property); *Dunlap Invs. Ltd. v. Hogan*, 133 Ariz. 130, 132–33 (1982) (easement). And we have acknowledged encumbrances when applying A.R.S. § 33-420 that could not have been identified under A.R.S. § 33-438. *See, e.g.*, *Summit Int'l LLC v. Rees*, No. 1 CA-CV 15-0116, 2016 WL 4046954, at *3–4, ¶¶ 13–16 (Ariz. App. July 28, 2016) (right-of-way that constituted an easement). Given that the documents at issue each signal a reduction in the control the Trust could have over its property, we consider these documents to be among those CC&Rs that create an encumbrance under A.R.S. § 33-420. Moreover, because these documents would cause potential buyers to underestimate the legal control the Trust has over its property, applying A.R.S. § 33–420 here furthers its purpose of protecting property owners from actions that cloud title to their property. *Wyatt*, 167 Ariz. at 286.

### 2. The Association Had Reason to Know that the Consolidated Declaration, but not that the 2014 Amendment, was Invalid.

**¶30**        Arizona Revised Statutes § 33-420 requires proof that the wrongdoer knew or had reason to know of the document's invalidity. *See Wyatt*, 167 Ariz. at 286 ("[T]he language of a statute that allows for a monetary award over and above actual damages incurred . . . necessitates interpreting the words 'knowing or having reason to know' as requiring scienter on the part of the wrongdoer."). The statute does not penalize a party with a reasonable and good-faith belief in a document's validity. *Fagerlie v. Markham Contracting Co.*, 227 Ariz. 367, 376, ¶¶ 51–52 (App. 2011). But a subjective belief alone is insufficient. *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 143, ¶ 31 (App. 2011). Thus, while we concluded that A.R.S. § 33-420 did not apply when a developer timely corrected the lien after receiving notice that the lien required additional attachments, *Fagerlie*, 227 Ariz. at 376, ¶¶ 49–52, we did apply A.R.S. § 33-420 where no such correction was made and where a lien's description of the developed property was insufficient for compliance with a mechanic's lien statute, despite the recording party's alleged ignorance of the error. *Delmastro & Eells*, 228 Ariz. at 142–45, ¶¶ 14, 26–37.

**¶31**        Here, the Association explains that it did not have reason to know of either document's invalidity because the Consolidated Declaration "was never intended to be" an amendment and that it attempted to comply with its CC&Rs when recording and refusing to release the 2014 Amendment. The Association's explanation does not persuade us. As discussed above, the plain language of the Consolidated Declaration substantially differs from earlier CC&Rs in their governance of Plat 24. Thus, we affirm the superior court's conclusion that the Association had reason to know that the Consolidated Declaration is invalid.

**¶32**        But given the apparent confusion concerning which statute governed the content of the Association's consent forms, and given the undisputed evidence that the Association informed property owners of the substance of the 2014 Amendment through its website, we conclude that the trial court erred by concluding that the Association had reason to know of the 2014 Amendment's invalidity.

**¶33**        Thus, the superior court erred by vacating the February 2020 order awarding statutory damages for violating A.R.S. § 33-420(A) and (C) for the wrongful recordation and failure to release the Consolidated

Declaration, and for awarding the same statutory damages for the wrongful recording and refusal to release the 2014 Amendment.

## ATTORNEY'S FEES

**¶34**         The parties request attorney's fees and costs as the prevailing parties on appeal. *See* A.R.S. § 12-341, -341.01, -1103. We conclude that the Trust is the successful party and award its costs and fees upon compliance with ARCAP 21.

## CONCLUSION

**¶35**         We vacate the portion of the September 2020 judgment finding that the Consolidated Declaration did not amend the recorded CC&Rs or warrant the resulting statutory damages under A.R.S. § 33-420. We vacate the part of the April 2020 judgment awarding statutory damages under A.R.S. § 33-420 stemming from the recordation of the 2014 Amendment. We remand for a recalculation of attorney's fees and costs considering this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA