Omre v Dorfman (2023 NY Slip Op 03356)

Omre v Dorfman

2023 NY Slip Op 03356

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-02359
 (Index No. 500155/10)

[*1]David Omre, appellant, 
v
Vernon G. Dorfman, etc., defendant, Binyomin Nemon, etc., et al., respondents.

David Zevin, Roslyn, NY, for appellant.
Vaslas Lepowsky Hauss & Danke, LLP, Staten Island, NY (Karen Hauss of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated December 13, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging negligence per se insofar as asserted against the defendants Binyomin Nemon, Fawzia Zawahir, Meeyapillai K. Zawahir, M.D., P.C., and Muhammad Tahir.
ORDERED that the order is affirmed insofar as appealed from, with costs, and, upon searching the record, summary judgment is awarded to the defendants Binyomin Nemon, Fawzia Zawahir, Meeyapillai K. Zawahir, M.D., P.C., and Muhammad Tahir dismissing the cause of action alleging negligence per se insofar as asserted against them.
In April 2010, the plaintiff commenced this action, inter alia, to recover damages for personal injuries, and, in August 2010, he filed an amended complaint against, among others, the defendants Binyomin Nemon, Fawzia Zawahir, Meeyapillai K. Zawahir, M.D., P.C., and Muhammad Tahir (hereinafter collectively the defendants), alleging, among other things, that he sustained personal injuries as a result of the defendants' negligent prescription of methylphenidate to him in violation of Public Health Law § 3332.
The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging negligence per se for violation of Public Health Law § 3332 insofar as asserted against the defendants. The defendants opposed. In an order dated December 13, 2019, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the negligence per se cause of action insofar as asserted against the defendants. Contrary to the plaintiff's contention, even if the defendants violated Public Health Law § 3332, a cause of action alleging negligence per se against them for violation of that statute cannot lie, as the statute does "not impose a specific duty on the defendants and [was] not intended to protect any particular class of individuals" (Nicholson v South Oaks Hosp., 27 AD3d [*2]628, 629).
Although the defendants did not move for summary judgment dismissing the cause of action alleging negligence per se insofar as asserted against them, in the exercise of our discretion (see Osborne v Zornberg, 16 AD3d 643, 645; Howell v Davis, 58 AD2d 852, 853, affd 43 NY2d 874) and pursuant to CPLR 3212(b), we search the record and award summary judgment to the defendants dismissing the cause of action alleging negligence per se insofar as asserted against them (see Nicholson v South Oaks Hosp., 27 AD3d at 629).
In light of the foregoing, we need not address the parties' remaining contentions.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court