Academic Health Professionals Ins. Assn. A Reciprocal Insurer v Ahuwalia (2026 NY Slip Op 01275)

Academic Health Professionals Ins. Assn. A Reciprocal Insurer v Ahuwalia

2026 NY Slip Op 01275

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ. 

Index No. 650875/24|Appeal No. 6013|Case No. 2024-07233|

[*1]Academic Health Professionals Insurance Association — A Reciprocal Insurer, Plaintiff-Appellant,
vBrij M. Singh Ahuwalia et al., Defendants-Respondents.

Dentons US LLP, New York (Nicholas W. Petts of counsel), for appellant.
Garfunkel Wild, P.C., Garden City (Michael J. Keane, Jr. of counsel), for Brij M. Singh Ahluwalia, M.D., Robert Fekete, M.D., Shyla Kodi, M.D., Jin Li, M.D., Venkat Ramani, M.D., Anila Thomas, M.D., Angela Damiano, M.D., Lianne M. De Serres, M.D., Steven Hemmerdinger, M.D., Tali Lando, M.D., David Merer, M.D., Augustine Moscatello, M.D., Katrina Stidham, M.D., Denton Allman, M.D., Muhammad Choudhury, M.D., Abdol Majid Eshghi, M.D., Sean Fullerton, M.D., Gerald Matthews, M.D., and John Phillips, M.D., respondents.
Weiss Zarett Brofman Sonnenklar & Levy P.C., New Hyde Park (Michael J. Spithogiannis of counsel), for Raj Murali, M.D., Thomas D. Cerabona, M.D., Jonathan P. Giannone, M.D., Ashutosh Kaul, M.D., and Anthony Maffei, M.D., respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered November 4, 2024, which granted defendants' motions to dismiss the complaint against them, unanimously affirmed, with costs.
Plaintiff contends that defendants were not covered by a prior settlement between plaintiff and the institutions that defendants worked for. However, the court properly concluded that the settlement covered these defendants, as the agreement's unambiguous terms released "each of" the "affiliated physicians," and the record, including the allegations in the complaint, establish that these defendants qualify as "affiliated physicians" of the institutions previously released (see Vintage, LLC v Laws Constr. Corp., 13 NY3d 847, 849 [2009]). Since the terms of the release are clear and unambiguous, there was no need for the court to refer to the agreement's recitals (see Jones Apparel Group, Inc. v Polo Ralph Lauren Corp., 16 AD3d 279, 279 [1st Dept 2005]; Musman v Modern Deb, 56 AD2d 752, 753 [1st Dept 1977]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026