Breslin Brookhaven, LLC v Rose (2026 NY Slip Op 01756)

Breslin Brookhaven, LLC v Rose

2026 NY Slip Op 01756

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-00503
2022-01082
 (Index No. 612343/20)

[*1]Breslin Brookhaven, LLC, appellant,
vAllan . Rose, respondent.

Dantzig & Zigman, P.C., Carle Place, NY (Susan E. Dantzig, Matthew T. Feinman, and Alan S. Zigman of counsel), for appellant.
Ruskin Moscou Faltischek P.C., Uniondale, NY (Daniel E. Shapiro of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated January 4, 2022, and (2) a judgment of the same court entered February 8, 2022. The order granted the defendant's converted motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendant's converted motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 1999, the parties formed a limited liability company (hereinafter the LLC) for the purpose of developing certain real property located in Suffolk County. The LLC's operating agreement provides, inter alia, "that as the LLC determines the plans for each such parcel or parcels, the LLC shall form separate, new limited liability companies for each separate project and shall transfer the appropriate parcel(s) to each such new limited liability company" (hereinafter a project LLC) with a "separate operating agreement specific to each separate project . . . entered into" by the parties. The defendant "began forming" project LLCs in November 2014 "when the [p]roject had a more evolved set of plans."
In November 2020, the plaintiff commenced this action by summons and complaint, alleging, inter alia, that the defendant breached the operating agreement by naming the LLC as the sole member of each project LLC instead of the plaintiff and the defendant, depriving the plaintiff of certain tax benefits. The complaint also alleged that the defendant breached his fiduciary duty to the plaintiff by using his control of the LLC to make personal loans to the LLC without seeking outside funding in order to invoke superior distribution and loss allocation rights under the operating agreement.
The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint or, in the alternative, pursuant to CPLR 3211(c) for summary judgment dismissing the complaint. In an order entered August 9, 2021, the Supreme Court advised the parties that, pursuant to CPLR 3211(c), it intended to treat the defendant's motion as a motion for summary judgment dismissing the complaint and provided the parties with the opportunity to make supplemental submissions. After receiving the parties' supplemental submissions, in an order dated January 4, 2022, the court granted the defendant's converted motion. Subsequently, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
"The statute of limitations for a cause of action alleging breach of contract is six years" (Filasky v Andover Cos., 230 AD3d 1297, 1299-1300; see CPLR 213[2]). Generally, "'[a] breach of contract cause of action accrues at the time of the breach'" (Filasky v Andover Cos., 230 AD3d at 1300, quoting Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). Here, the defendant failed to establish, prima facie, that the alleged breaches of the operating agreement occurred more than six years before the commencement of this action (see id.).
Moreover, the defendant failed to establish, prima facie, that he did not breach the operating agreement. "The best evidence of what the parties to an agreement intended is what they set forth in their writing" (Chavarria v Bruce Nagel & Partners Architects, P.C., 230 AD3d 1286, 1288). "When interpreting a contract, 'a court must read the document as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language used so that the parties' reasonable expectations are realized'" (id., quoting Bernstein v Frazer, 211 AD3d 899, 900). "The conclusion that a party's promise should be ignored as meaningless 'is at best a last resort'" (Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483, quoting Cohen & Sons, Inc. v Lurie Woolen Co., 232 NY 112, 114). Contrary to the defendant's contention, the project LLC provision of the operating agreement was an operative part of the agreement (see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d at 483-484; cf. Williams v Barkley, 165 NY 48, 57; Grand Manor Health Related Facility, Inc. v Hamilton Equities Inc., 65 AD3d 445, 447; Jones Apparel Group, Inc. v Polo Ralph Lauren Corp., 16 AD3d 279, 279). The defendant also failed to establish, prima facie, that performance was impossible (see Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902; Berman v TRG Waterfront Lender, LLC, 181 AD3d 783, 786) or that the plaintiff did not sustain any additional tax liability as a direct result of the alleged breach (see Proskauer Rose Goetz & Mendelsohn v Munao, 270 AD2d 150, 151; cf. Farrar v Brooklyn Union Gas Co., 73 NY2d 802, 804).
Contrary to the defendant's further contention, the causes of action to recover damages for beach of fiduciary duty and for a judgment declaring the lawful members of the project LLCs were not duplicative of the breach of contract cause of action (see Darwish Auto Group, LLC v TD Bank, N.A., 224 AD3d 1115, 1121 n 4; Board of Mgrs. of Brightwater Towers Condominium v FirstService Residential N.Y., Inc., 193 AD3d 672, 674-675).
Accordingly, the Supreme Court should have denied the defendant's converted motion for summary judgment dismissing the complaint without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Although this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue or cause of action that was the subject of a motion before the Supreme Court (see CPLR 3212[b]; Omre v Dorfman, 217 AD3d 874, 875), we decline the plaintiff's request to search the record and award it summary judgment on the complaint.
The parties' remaining contentions are without merit.
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court